Ada K. Wong, WSBA #45936
Rolf Gardner Toren, WSBA #58597
AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Attorneys for Plaintiff Carter

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| LETICIA CARTER,<br><br>            Plaintiff,<br><br>v.<br><br>BENTON COUNTY, a Washington State municipal corporation; "DOE(S) 1-100" employees of BENTON COUNTY; and "CORPORATION(S) XYZ 1-100,"<br><br>            Defendants. | Case No.<br><br>**COMPLAINT**<br><br>[JURY TRIAL DEMANDED] |

COMES NOW the Plaintiff Leticia Carter, by and through her counsel of record, in the above-entitled matter complains and alleges as follows:

### I.    PARTIES

1. Plaintiff Leticia Carter ("Plaintiff") is an adult citizen and resident of Benton County and resided therein at all times material to this Complaint.

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 1

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

2. Defendant Benton County is, and was at all times material hereto, a Washington State municipal corporation, located in Benton County, Washington. Benton County employs more than 15 employees at all relevant times herein and are employers as defined in the Washington Law Against Discrimination ("WLAD"), employers as defined in Americans with Disabilities Act, 29 U.S.C. §§ 12101 *et seq.*, and covered entities as defined in the Americans with Disabilities Act of 1990 ("ADA").

3. Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting with the course and scope of their employment by Defendant Benton County.

4. Defendant "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiff at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendant Benton County, and/or were entities involved in causing harm to Plaintiff as alleged herein.

5. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of their employment with Defendant Benton County in causing harm as alleged herein.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 12101 because it is a civil action arising under the Constitution, laws, or treaties of the United States, namely Americans with Disabilities Act. This Court has supplemental

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 2

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1    jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2        8.    Venue is proper under 28 U.S.C. § 1391 because Defendant Benton County operates their business in Benton County, Washington, and a substantial part of the events or omissions giving rise to the claim occurred in Benton County, which is within the district of the Eastern District of Washington at Richland.

    9.    On or about March 25, 2023, Plaintiff filed Charge No. 551-2023-02996 with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability and retaliation against Defendant. At Plaintiff's request, on May 9, 2024, EEOC issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to "file a lawsuit against the respondent(s) on this charge under federal law in federal or state court" within 90 days.

    10.    On or about February 15, 2024, Plaintiff filed a Tort Claim Form with Benton County.

### III. FACTS

    11.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 10, above.

    12.    On or about December 5, 2022, Plaintiff Leticia Carter was hired as a Permit Technician by Defendant Benton County.

    13.    Plaintiff's beginning wage with Benton County was $24.13, plus benefits.

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 3

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1  14. Defendant Benton County terminated Plaintiff Carter on or about February 6, 2023.

15. On or about January 4, 2023, Plaintiff met with Planning Manager Michelle Cooke to check in on her work progress.

16. Planning Manager Cooke made positive comments to Plaintiff regarding her work performance.

17. On or about January 13, 2023, Plaintiff requested to speak with Planning Manager Cooke, at which time she disclosed that she had a disability which was impacting her training and that she would be seeking accommodations.

18. Plaintiff did not disclose what her specific diagnosed disability was with Planning Manager Cooke at that time.

19. Planning Manager Cooke stated that she thought this disability may affect the job requirements and Plaintiff's performance.

20. Planning Manager Cooke continued to state that she had not previously worked with someone who had a disability and did not want to handle this situation, and instructed her to contact Human Resources instead.

21. Plaintiff was disappointed in the way that Planning Manager Cooke seemed to be put off by her disability but remained hopeful that Human Resources would be helpful.

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 4

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

22. On or about January 20, 2023, Plaintiff received an email from the Human Resources department which included a Fitness for Duty Certification form for her to complete and return by February 6, 2023.

23. On Tuesday, January 31, 2023, Plaintiff emailed the completed Fitness for Duty Certification form to Human Resources.

24. Plaintiff's physician, Monica Mendoza, PA-C, completed the Fitness for Certification form and detailed that Plaintiff may require time, approximately 10 minutes at a time, "to take deep breaths and develop coping skills if she develops anxiety or panic attacks," and noted this as a permanent accommodation request.

25. PA-C Mendoza also confirmed Plaintiff's disability of anxiety and panic attacks.

26. Human Resources found Plaintiff's accommodation requests to be reasonable.

27. That following Monday, February 6, 2023, Plaintiff was waiting for her scheduled meeting with Planning Manager Cooke.

28. Planning Manager Cooke and Planning Manager Greg Wendt walked into the conference room where Plaintiff was waiting.

29. Planning Manager Cooke began the meeting by telling Plaintiff that it was not working out and that she was not meeting expectations.

Complaint
CARTER V. BENTON COUNTY, ET AL. - 5

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

30. Plaintiff asked why this was happening and Planning Manager Cooke's response was simply, "It's not working out."

31. Defendant Benton County fired Plaintiff Carter immediately and without warning.

32. Plaintiff left the room feeling gutted and blindsided by this termination as Planning Manager Cooke had not raised any areas of concern or performance issues with her previously.

33. Plaintiff believes that Defendant Benton County fired her because of her disability and requesting reasonable accommodations.

### IV. FIRST CAUSE OF ACTION

### (AMERICANS WITH DISABILITIES ACT – DISABILITY DISCRIMINATION)

34. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 33, above.

35. Plaintiff is a qualified individual with a disability that limited her major life activities.

36. Defendant Benton County treated Plaintiff differently in terms and conditions of her employment on the basis of the presence of a disability, her record of disability, and/or because it regarded Plaintiff as disabled, in violation of the Americans

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 6

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

with Disabilities Act of 1990, as amended, and Americans with Disabilities Amendments Act of 2008, 29 U.S.C. §§ 12101 *et seq*. (collectively "ADA").

37. As a direct and proximate cause of Defendants' deliberate actions, including termination and/or constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

38. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

39. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## SECOND CAUSE OF ACTION

## (WLAD – DISABILITY DISCRIMINATION)

40. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 39 above.

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 7

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1   41.   The Washington Law Against Discrimination (WLAD), Chapter 49.60 RCW prohibits employers from discriminating against employees on the basis of disability.

4   42.   Plaintiff is an individual with a disability.

5   43.   Defendants treated Plaintiff differently in terms and conditions of her employment on the basis of the presence of any sensory, mental or physical disability and/or because of Plaintiff's actual or perceived disability in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq*.

9   44.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

13   45.   All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

## THIRD CAUSE OF ACTION

## (ADA – RETALIATION)

17   46.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 45 above.

19   47.    Defendants retaliated against Plaintiff because of Plaintiff's protected

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 8

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

activities in violation of Americans with Disabilities Act, 29 U.S.C. §§ 12101 *et seq.*

48. As a direct and proximate cause of Defendant's actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

49. The conduct of Defendants was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

50. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## FOURTH CAUSE OF ACTION

### (WLAD – RETALIATION)

51. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 50, above.

52. Defendants terminated Plaintiff in retaliation for her protected activities in violation of the Washington Law Against Discrimination ("WLAD").

53. As a direct and proximate cause of Defendants' deliberate actions,

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 9

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

54. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## FIFTH CAUSE OF ACTION

## (WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)

55. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 54, above.

56. A common law wrongful discharge in violation of public policy claim may be predicated on an employer's conduct contradicting the clearly articulated public policy against discrimination declared in the WLAD. *See Roberts v. Dudley*, 140 Wn.2d 58, 77 (2000).

57. A common law wrongful discharge in violation of public policy claim may be predicated on an employer's conduct contradicting the clearly articulated public policy.

58. Defendant Benton County wrongfully discharged and/or constructively discharged Plaintiff for requesting an accommodation in violation of the public policies

Complaint

*CARTER V. BENTON COUNTY, ET AL.* - 10

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

declared in the WLAD.

59. As a direct and proximate cause of Defendant's wrongful discharge and/or constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

60. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## SIXTH CAUSE OF ACTION

## (NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)

61. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 60, above.

62. Defendants were negligent in training, hiring, managing, and/or supervising their managers, supervisors, employees, and/or agents. Defendants were aware or should have been aware of the unlawful actions of their managers, supervisors, employees, and/or agents, and the failures to correct the wrongful conduct.

63. As a direct and proximate cause of Defendants' negligent supervision and hiring and failure to train, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 11

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

## (*RESPONDEAT SUPERIOR*)

64. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 63, above.

65. Defendants are liable for all actions of their employees, managers, and supervisors under the Doctrine of *Respondeat Superior*. The conduct of these employees, managers and agents was implicitly ratified by Defendants, and involved retaliation. Defendants are therefore jointly and severally liable for the conduct of these employees, managers, and agents, and for damages.

## EIGHTH CAUSE OF ACTION

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

66. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 65, above.

67. The acts described herein were extreme and outrageous and were done with the intention of inflicting severe emotional distress upon Plaintiff and were done with reckless disregard as to whether such acts would cause Plaintiff severe emotional distress.

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 12

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

68. Defendants are strictly liable for the extreme and outrageous acts committed by its employees, managers and agents.

69. As a direct and proximate cause of Defendants' acts, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future lost wages, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

70. At no time did Plaintiff consent or acquiesce to any of Defendants' acts alleged above.

## NINTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

71. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 70, above.

72. All Defendants, and each of them, knew or reasonably should have known that the conduct described above would and did proximately result in physical and emotional distress to Plaintiff. Defendants are strictly liable for the conduct and acts committed by its employees, managers and agents.

73. As a direct and proximate cause of Defendants' acts, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss earning capacity, mental distress, physical damages,

Complaint
CARTER V. BENTON COUNTY, ET AL. - 13

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1 emotional distress, and pain and suffering, in an amount to be proven at trial.

2     74.    At no time did Plaintiff consent or acquiesce to any of Defendants' illegal

3 acts and/or illegitimate behaviors described above.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on her behalf for the following:

A.    Special damages in an amount according to proof at trial;

B.    General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C.    Attorney's fees, prejudgment interest, costs, punitive damages, liquidated damages, and any other appropriate remedy as may be provided by law;

D.    Compensation for any tax penalty associated with recovery; and

E.    For such other and further relief as the court deems just and equitable.

**DATED** May 10, 2024.

                              **AKW LAW, P.C.**

                              */s/ Ada K. Wong*
                              Ada K. Wong, WSBA #45936
                              */s/ Rolf Gardner Toren*
                              Rolf Gardner Toren, WSBA #58597
                              Attorneys for Plaintiff
                              12055 15th Ave NE, Suite 200
                              Seattle, WA 98125
                              Tel.: (206) 259-1259

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 14

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: rolf@akw-law.com

Complaint
*CARTER V. BENTON COUNTY, ET AL.* - 15

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529